STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

Mahlon Martin,

        Plaintiff,                                    **SUMMONS**

        v.

First Advantage Background Services Corp.,
and Wells Fargo Bank, N.A.,

        Defendants.

---

**THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:**

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:
           HALUNEN & ASSOCIATES
           1650 IDS Center
           Minneapolis, MN 55402
           612-605-4098

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer with 20 days, you will lose this case. You will not

**EXHIBIT A**

get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to context the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated this 20th day of October, 2011.

HALUNEN & ASSOCIATES

Jon M. Thome  # 232087
Daniel Gray Leland, # 389027
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*Attorneys for Plaintiff*

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                            FOURTH JUDICIAL DISTRICT

Mahlon Martin,

                    Plaintiff,                        **COMPLAINT AND**
                                                       **JURY DEMAND**

            v.

First Advantage Background Services Corp.,
and Wells Fargo Bank, N.A.,

                    Defendants.

_____

        The Plaintiff, Mahlon Martin, by and through his undersigned attorneys, for his

Complaint against Defendants, states and alleges as follows:

                    <u>PARTIES, JURISDICTION AND VENUE</u>

        1.      Plaintiff Mahlon Martin is a natural person residing in the County of Hennepin,

State of Minnesota.

        2.      Defendant First Advantage Background Services Corporation is a Florida

Corporation licensed and doing business in the County of Hennepin, State of Minnesota.

        3.      Defendant Wells Fargo Bank, N.A., is a federally chartered bank that conducts

business in the County of Hennepin, State of Minnesota.

        4.      The acts alleged in this Complain fall within the general subject matter of this

Court.

        5.      Venue is proper in the County of Hennepin, State of Minnesota, pursuant to

Minnesota Statutes Section 542.09.  Defendant Wells Fargo Bank, N.A., resides in the County of

Hennepin, State of Minnesota.

## FACTS

6.      In or around May 2009, Plaintiff was employed as a contract employee by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") through Masterson Personnel ("Masterson"), a third-party staffing agency.

7.      In order to serve as a contract employee at Wells Fargo through Masterson, Plaintiff was required to submit to a criminal background check ("May 2009 consumer report").

8.      Upon Plaintiff's best information and belief, ADP Screening and Selection Services prepared the May 2009 consumer report, which included a criminal background check, which was prepared for, and submitted to, Masterson and Wells Fargo.

9.      Upon Plaintiff's best information and belief, Plaintiff's May 2009 consumer report was unremarkable.

10.     Plaintiff was not notified by Masterson or Wells Fargo of any negative information in the May 2009 consumer report, nor did anyone indicate that he was precluded from employment with Wells Fargo through Masterson.

11.     Plaintiff in fact worked as a contract employee at Defendant Wells Fargo through Masterson, until he was laid off in or around July 2009.

12.     In or around August 2009, Plaintiff became employed by Defendant Wells Fargo in Wells Fargo's default/collections department.

13.     At the time of Plaintiff's hire in August 2009, Plaintiff consented to a background check ("August 2009 consumer report").

14.     Upon Plaintiff's information and belief, Plaintiff's August 2009 consumer report was unremarkable.

15.     Plaintiff was not notified of any problems or negative information contained in the August 2009 consumer report, nor did anyone indicate that he was precluded from employment with Wells Fargo.

16.     From August 2009 to October 2010, Plaintiff performed his position to the satisfaction of his employer, Defendant Wells Fargo.

17.     In or around October 2010, Plaintiff accepted a position as a TeleSales Specialist in Defendant Wells Fargo's home mortgage department.

18.     In or around January 2011, Plaintiff consented to another background check ("February 1, 2011 consumer report").

19.     The February 1, 2011 consumer report was performed by Defendant First Advantage Background Services Corporation ("First Advantage").

20.     At all times relevant hereto, Defendant First Advantage was a consumer reporting agency ("CRA") as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(f).

21.     Defendant First Advantage maintains consumer files, which contain public record information concerning, among other things, the criminal record history of individuals.

22.     Defendant First Advantage sells such consumer files to potential employers wishing to investigate the criminal record history of individuals.

23.     On or around February 1, 2011, Defendant Wells Fargo obtained the February 1, 2011 consumer report from First Advantage for employment purposes

24.     On or around February 4, 2011, Plaintiff was asked to meet with his supervisor at Wells Fargo, Kia Larson ("Larson").

25.     Larson informed Plaintiff that his employment with Wells Fargo was terminated due to the results of the February 1, 2011 consumer report.

26.     Larson further handed Plaintiff a letter that read, "Letter 1 — Team members ineligible for continued employment due to background check results." According to this letter, "a record was found making [Plaintiff] ineligible for employment with Wells Fargo."

27.     The letter informed Plaintiff that he was terminated effective February 4, 2011, the same day he was informed of his termination by Larson, and the same day Plaintiff received the letter labeled "Letter 1."

28.     On or around February 4, 2011, Plaintiff telephoned Wells Fargo's human resources department to learn additional information about the circumstances of his termination.

29.     Plaintiff was informed by Tami Burnham ("Burnham") that his employment was being terminated because of a criminal matter in 1997, and that he would receive a copy of the February 1, 2011 consumer report.

30.     Plaintiff went to the Ramsey County Courthouse and retrieved a copy of the documents relating to his criminal charge in 1997.

31.     The documents relating to Plaintiff's criminal matter in 1997 indicated that Plaintiff was charged with a misdemeanor, and that the case had been dismissed without any finding of guilt or conviction.

32.     Plaintiff promptly faxed a copy of the court records to Burnham on February 4, 2011, and indicated that he was not disqualified from employment with Wells Fargo.

33.     Plaintiff is not prohibited from serving as a loan originator according to state and federal laws and regulations.

34.     Plaintiff is not prohibited from serving as a loan originator according to Wells Fargo's policies memorialized in Defendant Wells Fargo's "Wells Fargo Team Member Handbook."

4

35.     Plaintiff is not prohibited from employment with Wells Fargo according to state and federal laws.

36.     On or around February 7, 2011, after Plaintiff's termination, Plaintiff received a copy of the February 1, 2011 consumer report from Defendant First Advantage.

37.     The documents that Plaintiff received on February 7, 2011, from Defendant First Advantage included a document titled, "Pre-Adverse Action Notification."

38.     The "Pre-Adverse Action Notification" indicated that the contents of Plaintiff's consumer report were "under review in consideration of your employment and an adverse employment action may be based, in whole or in part, on this report."

39.     A CRA is required to maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain or maintain employment is reported, that it is complete and up to date. 15 U.S.C. § 1692k(a)(2).

40.     A CRA is also required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1692e(b).

41.     Despite the requirements of the FCRA, the February 1, 2011 consumer report prepared by First Advantage contained false and erroneous information.

42.     The February 1, 2011 consumer report prepared by First Advantage erroneously reports that Plaintiff was convicted of a crime and was sentenced to one-year in jail and one-year probation.

43.     Before Defendant Wells Fargo took adverse action against Plaintiff, it did not provide him a copy of the February 1, 2011 consumer report, a description in writing of his

rights under the FCRA, an opportunity to dispute the accuracy of the information contained in the February 1, 2011 consumer report, or a pre-adverse action notification.

44.     On or around April 22, 2011, pursuant to 15 U.S.C. § 1681i, Plaintiff wrote Defendant First Advantage challenging the accuracy of the February 1, 2011 consumer report prepared by First Advantage.

45.     Thereafter, Plaintiff was notified by Defendant First Advantage that First Advantage believed that its consumer report was accurate and that no corrections would be made to Plaintiff's February 1, 2011 consumer report.

46.     Upon Plaintiff's best information and belief, Defendant First Advantage has failed to correct, edit, or remove the false and erroneous information contained in Plaintiff's February 1, 2011 consumer report.

47.     As a result of Defendants' actions and/or omissions, Plaintiff's employment with Defendant Wells Fargo was terminated, he has suffered lost wages and benefits, humiliation, emotional distress, attorneys' fees and costs, and other serious damages.

<u>COUNT I</u>
**Failure to Follow Reasonable Procedures to Assure Maximum Possible
Accuracy in Violation of the Fair Credit Reporting Act
(Against Defendant First Advantage Background Services Corp.)**

48.     Plaintiff realleges each and every paragraph of this Complaint.

49.     Plaintiff is a "consumer" within the meaning of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

50.     Defendant First Advantage Background Services Corporation is a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

51.     The background check regarding Plaintiff prepared by Defendant First Advantage on or around February 1, 2011, is a "consumer report" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(d).

52.     The consumer report prepared by Defendant First Advantage and furnished to Defendant Wells Fargo contained inaccurate information regarding Plaintiff and his criminal record.

53.     By failing to assure that its consumer report accurately reported Plaintiff's criminal history, Defendant First Advantage violated 15 U.S.C. § 1681e(b), which requires that a consumer reporting agency follow reasonable procedures to assure maximum possible accuracy of information concerning the individual about whom the report relates.

54.     Defendant First Advantage's failure to follow reasonable procedures to assure maximum possible accuracy is evidenced by the fact that the public record information regarding Plaintiff makes clear that Plaintiff was not convicted of a crime.

55.     Defendant First Advantage's failure to follow reasonable procedures to assume maximum possible accuracy is evidenced by the fact that, upon Plaintiff's best information and belief, the May 2009 consumer report and the August 2009 consumer report did not reflect that Plaintiff had been convicted of a crime.

56.     Due to Defendant First Advantage's actions and/or omissions, Plaintiff suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress, attorneys' fees and costs, and other serious damages.

7

## COUNT II
**Failure to Follow Strict Procedures for Use of Public Record Information
In Violation of the Fair Credit Report Act
(Against Defendant First Advantage Background Services Corp.)**

57.    Plaintiff realleges each and every paragraph of this Complaint.

58.    Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

59.    Defendant First Advantage Background Services Corporation is a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

60.    The background check regarding Plaintiff prepared by Defendant First Advantage on or around February 1, 2011, is a "consumer report" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(d).

61.    The consumer report prepared by Defendant First Advantage and furnished to Defendant Wells Fargo contained inaccurate information regarding Plaintiff.

62.    By failing to assure that its consumer report accurately reported Plaintiff's criminal history, Defendant First Advantage violated 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to "maintain strict procedures to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date."

63.    Defendant First Advantage's failure to maintain strict procedures to insure the public record information is complete and up to date is evidenced by the fact that the public record information regarding Plaintiff makes clear that Plaintiff was not convicted of a crime.

64.    Defendant First Advantage's failure to maintain strict procedures to insure the public record information is complete and up to date is evidenced by the fact that, upon

Plaintiff's best information and belief, the May 2009 consumer report and the August 2009 consumer report did not reflect that Plaintiff had been convicted of a crime.

65.  Due to Defendant First Advantage's actions and/or omissions, Plaintiff suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress, attorneys' fees and costs, and other serious damages.

<u>COUNT III</u>
**Failure to Comply with Obsolescence Requirements
Of the Fair Credit Reporting Act
(Against Defendant First Advantage Background Services Corp.)**

66.  Plaintiff realleges each and every paragraph of this Complaint.

67.  Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

68.  Defendant First Advantage Background Services Corporation is a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

69.  The background check regarding Plaintiff prepared by Defendant First Advantage on or around February 1, 2011, is a "consumer report" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(d).

70.  The consumer report prepared by Defendant First Advantage and furnished to Defendant Wells Fargo contained adverse items of information which antedated the report by more than seven years, and which was not a record of a conviction of a crime.

71.  The Fair Credit Reporting Act prohibits a consumer reporting agency from furnishing a consumer report that contains any adverse item of information, other than records of convictions of crimes, which antedate the report by more than seven years. 15 U.S.C. § 1681c(a)(5).

9

72.    Due to Defendant First Advantage's actions and/or omissions, Plaintiff suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress, attorneys' fees and costs, and other serious damages.

### COUNT IV
**Failure to Follow Procedures in Case of Disputed Accuracy**
**In Violation of the Fair Credit Reporting Act**
**(Against Defendant First Advantage Background Services Corp.)**

73.    Plaintiff realleges each and every paragraph of this Complaint.

74.    Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

75.    Defendant First Advantage Background Services Corporation is a "consumer reporting agency" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

76.    The background check regarding Plaintiff prepared by Defendant First Advantage on or around February 1, 2011, is a "consumer report" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(d).

77.    On or around April 22, 2011, Plaintiff disputed to Defendant First Advantage the inaccurate and erroneous information contained in Plaintiff's February 1, 2011 consumer report.

78.    By failing to promptly correct, delete, or modify the erroneous information, and by failing to update Plaintiff's consumer report, Defendant First Advantage violated 15 U.S.C. § 1681i, which requires that a consumer reporting agency promptly delete or modify inaccurate information after disputed by a consumer.

79.    Due to Defendant First Advantage's actions and/or omissions, Plaintiff suffered actual damages in the form of humiliation, emotional distress, attorneys' fees and costs, and other serious damages.

10

## COUNT V
### Failure to Provide Pre-Adverse Action Disclosures
### In Violation of the Fair Credit Reporting Act
### (Against Defendant Wells Fargo Bank, N.A.)

80.     Plaintiff realleges each and every paragraph of this Complaint.

81.     Defendant willfully or negligently failed to provide Plaintiff, as required by 15 U.S.C. § 1681b(b)(3): (1) a pre-adverse action disclosure containing a copy of Plaintiff's consumer report; (2) a description in writing of Plaintiff's rights under the Fair Credit Reporting Act; and (3) a pre-adverse action opportunity to dispute the accuracy of the reported information.

82.     Due to Defendant Wells Fargo's violations of 15 U.S.C. § 1681b(b) have caused damages to Plaintiff for which damages Defendants are liable under 15 U.S.C. § 1681n.

83.     Due to Defendant Wells Fargo's actions and/or omissions, Plaintiff suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress, attorneys' fees and costs, and other serious damages.

**WHEREFORE**, Plaintiff requests that judgment be entered against Defendants for the following:

a.  Declaring that Defendants' acts and/or omissions described in this Complaint constitute violations of the Fair Credit Reporting Act;

b.  That Defendants be required to make Plaintiff whole for its adverse actions;

c.  That the Court award Plaintiff his actual damages, including damages for lost wages and benefits, humiliation, emotional distress, and other damages;

d.  That the Court award Plaintiff his attorneys' fees and cost;

e.  That the Court grant such other and further relief as it deems fair and equitable.

11

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated this 20th day of October, 2011.

HALUNEN & ASSOCIATES

Joni M. Thome, # 232087
Daniel Gray Leland, # 389027
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated this 20th day of October, 2011.

Daniel Gray Leland

12



**CORPORATION SERVICE COMPANY'**

# Notice of Service of Process

S1C / ALL
Transmittal Number: 9224053
Date Processed: 10/20/2011

| Primary Contact: | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Suite 400<br>Wilmington, DE 19808 |
| --- | --- |

| Entity: | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| --- | --- |
| Entity Served: | Wells Fargo Bank, N.A. |
| Title of Action: | Mahlon Martin vs. First Advantage Background Services Corp. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Hennepin County District Court, Minnesota |
| Case/Reference No: | Not Shown |
| Jurisdiction Served: | Minnesota |
| Date Served on CSC: | 10/20/2011 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Daniel Gray Leland<br>612-605-4098 |
| Client Requested Information: | Matter Management User Groups: [Initial Group - WFB*] |

| Notes: | Since this is a contract employee rather than a regular employee and he is not listing wrongful termination as<br>a count, assigning to initial group instead of litigation-employee as labor/employment. |
| --- | --- |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not
constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com