IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| Mahlon Martin, | Other: Civil |
| --- | --- |
| Plaintiff, | Court File No. 0:11-cv-03357-MJD-LIB |
| v. | **FABSC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |
| First Advantage Background Services Corp. and Wells Fargo Bank, NA, | |
| Defendants. | |

Defendant First Advantage Background Services Corporation ("FABSC") submits the following Answer and Affirmative Defenses to Plaintiff Mahlon Martin's Amended Complaint. FABSC denies each and every allegation in plaintiff's Amended Complaint except as hereinafter admitted or otherwise answered.

## PARTIES, JURISDICTION, AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

## FACTS

5. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Amended Complaint.

6. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Amended Complaint.

7. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Amended Complaint.

8. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Amended Complaint.

9. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Amended Complaint.

10. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Amended Complaint.

11. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Amended Complaint.

12. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Amended Complaint.

13. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Amended Complaint.

14. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Amended Complaint.

15. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Amended Complaint.

16. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Amended Complaint.

17. Admitted.

18. FABSC admits that it created a criminal background report about Plaintiff on February 1, 2011. FABSC denies that the report was a "consumer report" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*.

19. Admitted.

20. Admitted.

21. Denied as stated. FABSC admits that it sells criminal background reports about individuals like Plaintiff to corporations like Defendant Wells Fargo. But FABSC denies that it derives the information in such reports exclusively from consumer files that FABSC maintains. The process by which FABSC creates criminal background reports varies depending on factors that include the type of report that is being created.

22. Admitted.

23. Admitted.

24. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Amended Complaint.

25. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Amended Complaint.

26. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Amended Complaint.

27. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Amended Complaint.

28. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Amended Complaint.

29. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Amended Complaint.

30. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Amended Complaint.

31. The allegations in Paragraph 31 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 31 that are inconsistent with the actual contents of those documents are denied.

32. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Amended Complaint.

33. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Amended Complaint.

34. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Amended Complaint.

35. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Amended Complaint.

36. The allegations in Paragraph 36 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 36 that are inconsistent with the actual contents of those documents are denied.

37. The allegations in Paragraph 37 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their

contents and which speak for themselves, and all allegations in Paragraph 37 that are inconsistent with the actual contents of those documents are denied.

38. The allegations in Paragraph 38 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 38 that are inconsistent with the actual contents of those documents are denied.

39. The allegations in Paragraph 39 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 39 that are inconsistent with the actual contents of those documents are denied.

40. The allegations in Paragraph 40 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 40 that are inconsistent with the actual contents of those documents are denied.

41. The allegations in Paragraph 41 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 42 that are inconsistent with the actual contents of those documents are denied.

42. The allegations in Paragraph 42 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 42 that are inconsistent with the actual contents of those documents are denied.

43. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Amended Complaint.

44. FABSC admits that Plaintiff submitted a "Notice of Consumer Dispute" to FABSC dated April 22, 2011. The remaining allegations in Paragraph 44 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 44 that are inconsistent with the actual contents of those documents are denied.

45. FABSC admits that it sent Plaintiff a letter dated April 25, 2011 in response to his "Notice of Consumer Dispute." The remaining allegations in Paragraph 45 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 45 that are inconsistent with the actual contents of those documents are denied. FABSC expressly denies that its criminal background report about Plaintiff dated February 1, 2011 was a "consumer report" pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*.

46. FABSC denies that its criminal background report about Plaintiff dated February 1, 2011 was a "consumer report" pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. FABSC admits that it has not, to date, changed or edited the contents of its February 1, 2011 criminal background report about Plaintiff. FABSC states that the remaining allegations in Paragraph 46 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their

contents and which speak for themselves, and all remaining allegations in Paragraph 46 that are inconsistent with the actual contents of those documents are denied.

47. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Amended Complaint.

## COUNT I
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy in Violation of the Fair Credit Reporting Act
(Against Defendant First Advantage Background Services Corp.)**

48. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

49. Admitted.

50. Admitted.

51. Denied.

52. FABSC denies that its criminal background report about Plaintiff dated February 1, 2011 was a "consumer report" pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. The remaining allegations in Paragraph 52 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 52 that are inconsistent with the actual contents of those documents are denied.

53. Denied.

54. The allegations in Paragraph 54 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 54 that are

inconsistent with the actual contents of those documents are denied. FABSC expressly denies that it failed to follow reasonable procedures to assure maximum possible accuracy.

55. The allegations in Paragraph 55 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 55 that are inconsistent with the actual contents of those documents are denied. FABSC expressly denies that it failed to follow reasonable procedures to assure maximum possible accuracy.

56. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Amended Complaint.

## COUNT II
**Failure to Follow Strict Procedures for Use of Public Record Information In Violation of the Fair Credit Reporting Act (Against Defendant First Advantage Background Services Corp.)**

57. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

58. Admitted.

59. Admitted.

60. Denied.

61. FABSC denies that its criminal background report about Plaintiff was a consumer report. The remaining allegations in Paragraph 61 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of

their contents and which speak for themselves, and all allegations in Paragraph 61 that are inconsistent with the actual contents of those documents are denied.

62. Denied.

63. The allegations in Paragraph 63 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 63 that are inconsistent with the actual contents of those documents are denied. FABSC expressly denies that it to maintain strict procedures to insure that public record information in its report about Plaintiff was complete and up to date.

64. The allegations in Paragraph 64 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 64 that are inconsistent with the actual contents of those documents are denied. FABSC expressly denies that it to maintain strict procedures to insure that public record information in its report about Plaintiff was complete and up to date.

65. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Amended Complaint.

## COUNT III
**Failure to Comply with Obsolescence Requirements
Of the Fair Credit Reporting Act
(Against Defendant First Advantage Background Services Corp.)**

66. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

67. Admitted.

68. Admitted.

69. Denied.

70. FABSC denies that its criminal background report about Plaintiff was a consumer report. The remaining allegations in Paragraph 70 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 70 that are inconsistent with the actual contents of those documents are denied.

71. The allegations in Paragraph 71 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 71 that are inconsistent with the actual contents of those documents are denied.

72. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Amended Complaint.

## COUNT IV
### Failure to Follow Procedures in Case of Disputed Accuracy
### In Violation of the Fair Credit Reporting Act
### (Against Defendant First Advantage Background Services Corp.)

73. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

74. Admitted.

75. Admitted.

76. Denied.

77. FABSC admits that Plaintiff submitted a "Notice of Consumer Dispute" to FABSC dated April 22, 2011. The remaining allegations in Paragraph 77 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 77 that are inconsistent with the actual contents of those documents are denied.

78. Denied.

79. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Amended Complaint.

## COUNT V
### Failure to Provide Pre-Adverse Action Disclosures
### In Violation of the Fair Credit Reporting Act
### (Against Defendant Wells Fargo Bank, N.A.)

80. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

81. The allegations in Paragraph 81 of the Amended Complaint pertain to Defendant Wells Fargo and do not require a response from FABSC. To the extent that those allegations are deemed to require a response from FABSC, it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

82. The allegations in Paragraph 81 of the Amended Complaint pertain to Defendant Wells Fargo and do not require a response from FABSC. To the extent that those allegations are deemed to require a response from FABSC, it lacks knowledge or information sufficient to form a belief about the truth of those allegations. By way of further answer, FABSC expressly denies that if "Defendant Wells Fargo[] violat[ed] 15

U.S.C. § 1681b(b)," as Plaintiff alleges, then **both** "Defendants are liable under 15 U.S.C. § 1681n," as Plaintiff also alleges.

83. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Amended Complaint.

## COUNT VI
### Violation of the Accuracy Requirements of the Minnesota Business Screening Services Act
**(Against Defendant First Advantage Background Services Corp.)**

84. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

85. The allegations in Paragraph 85 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 85 that are inconsistent with the actual contents of those documents are denied.

86. Denied.

87. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Amended Complaint.

## COUNT VII
### Failure to Correct and Delete Inaccurate Records in Violation of the Minnesota Business Screening Services Act
**(Against Defendant First Advantage Background Services Corp.)**

88. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

89. The allegations in Paragraph 89 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their

contents and which speak for themselves, and all allegations in Paragraph 89 that are inconsistent with the actual contents of those documents are denied.

90. Denied.

91. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 of the Amended Complaint.

## COUNT VIII
## DEFAMATION
### (Against Defendant First Advantage Background Services Corp.)

92. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

93. Paragraph 93 of the Amended Complaint does not contain an allegation which FABSC is required to admit or deny. To the extent that Paragraph 93 is deemed to contain any such allegation, FABSC denies it.

94. FABSC admits that it provided Wells Fargo with a criminal background report about Plaintiff. FABSC denies that the report was a "consumer report."

95. The allegations in Paragraph 95 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 95 that are inconsistent with the actual contents of those documents are denied.

96. The allegations in Paragraph 96 of the Amended Complaint purport to paraphrase the contents of written documents which are the best evidence of their contents and which speak for themselves, and all allegations in Paragraph 96 that are inconsistent with the actual contents of those documents are denied.

97. Denied.

98. Denied.

99. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Amended Complaint.

## COUNT IX
## NEGLIGENCE
### (Against Defendant First Advantage Background Services Corp.)

100. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

101. Paragraph 101 of the Amended Complaint does not contain an allegation which FABSC is required to admit or deny. To the extent that Paragraph 101 is deemed to contain any such allegation, FABSC denies it.

102. Denied.

103. Denied as stated. Any duties that FABSC might have owed Plaintiff under the common law were pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the duties imposed therein.

104. Denied.

105. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Amended Complaint.

106. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 of the Amended Complaint.

## COUNT X
## NEGLIGENCE PER SE
### (Against Defendant First Advantage Background Services Corp.)

107. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

108. Paragraph 108 of the Amended Complaint does not contain an allegation which FABSC is required to admit or deny. To the extent that Paragraph 101 is deemed to contain any such allegation, FABSC denies it.

109. Denied.

110. Denied.

111. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 of the Amended Complaint.

112. FABSC denies that it was negligent per se. FABSC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 112 of the Amended Complaint.

## COUNT XI
## TORTIOUS INTERFERENCE
## WITH CONTRACTUAL RELATIONS
### (Against Defendant First Advantage Background Services Corp.)

113. FABSC realleges each and every paragraph of its Answer to the Amended Complaint.

114. FABSC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 of the Amended Complaint.

115. Denied.

116. Denied.

117. Denied.

118. FABSC denies that it tortiously interfered with Plaintiff's contractual relations. FABSC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 112 of the Amended Complaint.

WHEREFORE, FABSC respectfully prays that this Honorable Court might dismiss Plaintiff's claims against FABSC in their entirety and with prejudice; grant FABSC the costs and fees it incurred in the defense of this litigation to the extent that it is entitled to the same by law; and grant FABSC such other and further relief as this Honorable Court deems right and just.

## FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims do not allege that FABSC violated the Fair Credit Reporting Act, each of those claims is pre-empted by the Fair Credit Reporting Act.

## SECOND AFFIRMATIVE DEFENSE

FABSC complied at all times with duties imposed by the Fair Credit Reporting Act and all other relevant law.

## THIRD AFFIRMATIVE DEFENSE

FABSC's reports about Plaintiff were accurate.

## FOURTH AFFIRMATIVE DEFENSE

FABSC'S conduct toward plaintiff was not unlawful, wrongful, or harmful.

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times, FABSC acted in good faith and in compliance with law.

## SIXTH AFFIRMATIVE DEFENSE

Any damages alleged by plaintiff were caused by or contributed to by plaintiff's own actions or the actions of persons or entities other than FABSC.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of waiver, estoppel, collateral estoppel, laches, election of remedies, unconscionability, contrariness to public policy, failure to exhaust remedies, at-will employment, statutory compliance, unclean hands, and/or justification.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead his damages with specificity as required by law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts of "publication" sufficient to support claims for defamation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action for defamation is barred because all purported comments made are not false or defamatory, are not capable of being proven false, and/or were true when made.

**TWELTFH AFFIRMATIVE DEFENSE**

Plaintiff's cause of action for defamation may be barred by absolute privilege or, in the alternative, a qualified privilege.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any allegedly defamatory statements made by FABASC concerning plaintiff were made upon proper occasion, from a proper motive, and were based on reasonable or probable cause. As such, the statements are privileged.

**FOURTEENTH AFFIRMATIVE DEFENSE**

FABSC reserves its right to raise such other and further affirmative defenses as may be brought to light by discovery in this matter.

**FABSC DEMANDS A JURY TRIAL.**

Dated: August 24, 2012

Respectfully submitted,

By: /s/ Jason A. Spak
Jason A. Spak (PA89077)
(admitted *pro hac vice*)
PICADIO SNEATH MILLER & NORTON
444 Liberty Avenue, Suite 1105
Pittsburgh, PA 15222
jspak@psmn.com

By: /s/ Debra L. Weiss
Debra L. Weiss (MN 288810)
MEAGHER & GEER
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
dweiss@meagher.com

*Counsel for Defendant First Advantage Background Services Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2012, I filed a true and correct copy of FABSC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT with the Court's Electronic Case Filing System. The ECF system will provide electronic service to all counsel of record, including:

Joni M. Thome, Esquire
Daniel Gray Leland, Esquire
BAILLON, THOME, JOZWIAK, MILLER & WANTA
222 South Ninth Street, Suite 2955
Minneapolis, MN 55402
Counsel for Plaintiff

David A. James, Esquire
Joseph G. Schmitt, Esquire
NILAN JOHNSON LEWIS
400 One Financial Plaza
120 South Sixth Street
Minneapolis, Minnesota 55402


By: /s/ Jason A. Spak