# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mahlon Martin,

        Plaintiff,

vs.

First Advantage Background Services
Corp. and Wells Fargo Bank, N.A.,

        Defendants.

Case No. 11-cv-03357 (MJD/LIB)

**ANSWER OF DEFENDANT WELLS
FARGO BANK, N.A. TO
PLAINTIFF'S AMENDED
COMPLAINT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), pursuant to Rules 8 and 12 of the

Federal Rules of Civil Procedure, sets forth its Answers and defenses to the Amended Complaint

of Plaintiff as follows:

## <u>PARTIES, JURISDICTION AND VENUE</u>

1.      Wells Fargo admits the allegations contained within Paragraph 1 of the Amended

Complaint.

2.      Wells Fargo states that the allegations contained within Paragraph 2 of the

Amended Complaint do not appear to be directed at Wells Fargo and therefore, do not require a

response in this Answer. To the extent an Answer is required, Wells Fargo lacks sufficient

information to form a belief as to the truth of the allegations contained within Paragraph 2 of the

Amended Complaint, and therefore denies those allegations and puts Plaintiff to his burden of

proof.

3.      Wells Fargo admits the allegations contained within Paragraph 3 of the Amended

Complaint.

4. Wells Fargo admits the allegations contained within Paragraph 4 of the Amended Complaint.

## FACTS

5. Wells Fargo admits the allegations contained within Paragraph 5 of the Amended Complaint.

6. Wells Fargo admits that Plaintiff, while a contract employee, underwent a criminal background check in May 2009. Wells Fargo denies the characterization of the criminal background check as a "consumer report."

7. Wells Fargo denies the characterization of the criminal background check as a "consumer report." Upon information and belief, Wells Fargo admits the remaining allegations contained within Paragraph 7 of the Amended Complaint.

8. Wells Fargo denies the characterization of the criminal background check as a "consumer report." Upon information and belief, Wells Fargo admits the remaining allegations contained within Paragraph 8 of the Amended Complaint.

9. Wells Fargo denies the characterization of the criminal background check as a "consumer report." Upon information and belief, Wells Fargo admits the remaining allegations contained within Paragraph 9 of the Amended Complaint.

10. Wells Fargo admits that Plaintiff worked as a contract employee from about May 12, 2009 until the employment contract was terminated on or about July 2, 2009. Wells Fargo lacks sufficient information to form a belief as to the truth of the remaining allegations within Paragraph 10 of the Amended Complaint, and therefore denies those allegations and puts Plaintiff to his burden of proof.

11. Wells Fargo admits that on or about August 10, 2009, Plaintiff became employed by Wells Fargo. Wells Fargo denies that Plaintiff was offered a position in its default/collections

department and asserts that Plaintiff was offered a position with Wells Fargo as a Collector 1 in Wells Fargo Home Mortgage.

12.     Wells Fargo denies the characterization of the criminal background check as a "consumer report." Wells Fargo admits the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13.     Wells Fargo denies the characterization of the criminal background check as a "consumer report." Upon information and belief, Wells Fargo admits the remaining allegations contained within Paragraph 13 of the Amended Complaint.

14.     Wells Fargo denies the characterization of the criminal background check as a "consumer report." Upon information and belief, Wells Fargo admits the remaining allegations contained within Paragraph 14 of the Amended Complaint.

15.     Wells Fargo denies the allegations contained within Paragraph 15 of the Amended Complaint; however, Wells Fargo affirmatively states that Plaintiff's performance did not play a role in his termination.

16.     Wells Fargo admits the allegations contained within Paragraph 16 of the Amended Complaint.

17.     Wells Fargo denies the characterization of the criminal background check as a "consumer report." Wells Fargo admits the remaining allegations contained within Paragraph 17 of the Amended Complaint.

18.     Wells Fargo denies the characterization of the criminal background check as a "consumer report." Wells Fargo admits that Defendant First Advantage Background Services Corporation created a criminal background report about Plaintiff on or about February 1, 2011. Wells Fargo denies that the criminal background report constitutes a "consumer report."

19.     Wells Fargo states that Paragraph 19 of the Amended Complaint contains a legal assertion that does not require a response in this Answer, and puts Plaintiff to his burden of proof.  To the extent an Answer is required, Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 19 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

20.     Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 20 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

21.     Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 21 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

22.     Wells Fargo states that Paragraph 22 of the Amended Complaint contains a legal assertion that does not require a response in this Answer, and puts Plaintiff to his burden of proof.  To the extent an Answer is required, Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 22 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

23.     Wells Fargo denies the characterization of the criminal background check as a "consumer report."  Wells Fargo admits the remaining allegations contained within Paragraph 23 of the Amended Complaint.

24.     Wells Fargo admits the allegations contained within Paragraph 24 of the Amended Complaint.

25.     Wells Fargo admits that it read to Plaintiff the letter alleged in Paragraph 26 of the Amended Complaint.

26.     Wells Fargo admits the allegations contained within Paragraph 26 of the Amended Complaint.

27.     Wells Fargo admits the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Wells Fargo admits the allegations contained within Paragraph 28 of the Amended Complaint.

29.     Wells Fargo denies the characterization of the criminal background check as a "consumer report." Wells Fargo admits the remaining allegations contained within Paragraph 29 of the Amended Complaint. Wells Fargo further states that Plaintiff was informed that the process now included fingerprinting.

30.     Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 30 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

31.     Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 31 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

32.     Wells Fargo denies that Plaintiff sent a fax on February 4, 2011. Wells Fargo states that Plaintiff sent a fax on February 7, 2011, and admits the remaining allegations contained within Paragraph 32 of the Amended Complaint.

33.     Wells Fargo states that Paragraph 33 of the Amended Complaint contains a legal assertion that does not require a response in this Answer. To the extent a response is required, Wells Fargo denies the allegations contained within Paragraph 33 of the Amended Complaint.

34.     Wells Fargo denies the allegation contained in Paragraph 34 of the Amended Complaint.

35.     Wells Fargo states that Paragraph 35 of the Amended Complaint contains a legal assertion that does not require a response in this Answer.  To the extent a response is required, Wells Fargo denies the allegation  contained within Paragraph 35 of the Amended Complaint.

36.     Wells Fargo denies the characterization of the criminal background check as a "consumer report."  Wells Fargo lacks sufficient information to form a belief as to the truth of the remaining allegations contained within Paragraph 36 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

37.     Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 37 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

38.     Wells Fargo denies the representation of the criminal background check as a "consumer report."  Wells Fargo admits the recitation of the contents of the letter contained within Paragraph 38 of the Amended Complaint.

39.     Wells Fargo states that Paragraph 39 of the Amended Complaint contains a legal assertion that does not require a response in this Answer, and puts Plaintiff to his burden of proof.  To the extent an Answer is required, Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 39 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

40.     Wells Fargo states that Paragraph 40 of the Amended Complaint contains a legal assertion that does not require a response in this Answer, and puts Plaintiff to his burden of proof.  To the extent an Answer is required, Wells Fargo lacks sufficient information to form a

belief as to the truth of the allegations contained within Paragraph 40 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

41.     Wells Fargo denies the representation of the criminal background check as a "consumer report."  Wells Fargo lacks sufficient information to form a belief as to the truth of the remaining allegations contained within Paragraph 41 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

42.     Wells Fargo denies the representation of the criminal background check as a "consumer report."  Wells Fargo admits the characterization of the allegations contained in Paragraph 42 of the Amended Complaint.  Wells Fargo states that it lacks sufficient information to form a belief as to the truth of Plaintiff's assertion of "erroneous," and therefore, denies the same and puts Plaintiff to his burden of proof.

43.     Wells Fargo denies the allegations contained within Paragraph 43 of Plaintiff's Amended Complaint.

44.     Wells Fargo denies the representation of the criminal background check as a "consumer report."  Wells Fargo lacks sufficient information to form a belief as to the truth of the remaining allegations contained within Paragraph 44 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

45.     Wells Fargo denies the representation of the criminal background check as a "consumer report."  Wells Fargo lacks sufficient information to form a belief as to the truth of the remaining allegations contained within Paragraph 45 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof on them.

46.     Wells Fargo denies the representation of the criminal background check as a "consumer report."  Wells Fargo lacks sufficient information to form a belief as to the truth of

the remaining allegations contained within Paragraph 46 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

47.     Wells Fargo admits that Plaintiff was terminated.  Wells Fargo denies the remaining allegations contained within Paragraph 47 of the Amended Complaint.

## <u>COUNT I</u>
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy in Violation of the Fair Credit Reporting Act
### (Against Defendant First Advantage Services Corp.)

48.     Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 47 of this Answer.

49.     Wells Fargo states that Paragraph 49 of the Amended Complaint contains a legal assertion that does not require a response in this Answer, and puts Plaintiff to his burden of proof.  To the extent an Answer is required, Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 49 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

50.     Wells Fargo states that the allegations contained in Paragraph 50 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

51.     Wells Fargo states that the allegations contained in Paragraph 51 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

52.     Wells Fargo states that the allegations contained in Paragraph 52 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this

Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

53.     Wells Fargo states that the allegations contained in Paragraph 53 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

54.     Wells Fargo states that the allegations contained in Paragraph 54 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

55.     Wells Fargo states that the allegations contained in Paragraph 55 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof. Wells Fargo denies the characterization of the criminal background check as a "consumer report."

56.     Wells Fargo states that the allegations contained in Paragraph 56 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

### COUNT II
**Failure to Follow Strict Procedures for Use of Public Record Information In Violation of the Fair Credit Reporting Act**
**(Against Defendant First Advantage Services Corp.)**

57.     Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 56 of this Answer

58. Wells Fargo states that Paragraph 58 of the Amended Complaint contains a legal assertion that does not require a response in this Answer, and puts Plaintiff to his burden of proof as to the nature of the law on that issue. To the extent an Answer is required, Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 58 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

59. Wells Fargo states that the allegations contained in Paragraph 59 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

60. Wells Fargo states that the allegations contained in Paragraph 60 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

61. Wells Fargo states that the allegations contained in Paragraph 61 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

62. Wells Fargo states that the allegations contained in Paragraph 62 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

63. Wells Fargo states that the allegations contained in Paragraph 63 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

64. Wells Fargo states that the allegations contained in Paragraph 64 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

65. Wells Fargo states that the allegations contained in Paragraph 65 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

## COUNT III
### Failure to Comply with Obsolescence Requirements of the Fair Credit Reporting Act
### (Against Defendant First Advantage Services Corp.)

66. Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 65 of this Answer.

67. Wells Fargo states that Paragraph 67 of the Amended Complaint contains a legal assertion that does not require a response in this Answer, and puts Plaintiff to his burden of proof. To the extent an Answer is required, Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 67 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

68. Wells Fargo states that the allegations contained in Paragraph 68 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this

Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

69.     Wells Fargo states that the allegations contained in Paragraph 69 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

70.     Wells Fargo states that the allegations contained in Paragraph 70 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

71.     Wells Fargo states that the allegations contained in Paragraph 71 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

72.     Wells Fargo states that the allegations contained in Paragraph 72 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

<u>**COUNT IV**</u>
**Failure to Follow Procedures in Case of Disputed Accuracy In Violation of the Fair Credit Reporting Act**
**(Against Defendant First Advantage Services Corp.)**

73.     Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 72 of this Answer.

74.     Wells Fargo states that Paragraph 74 of the Amended Complaint contains a legal assertion that does not require a response in this Answer, and puts Plaintiff to his burden of proof.  To the extent an Answer is required, Wells Fargo lacks sufficient information to form a belief as to the truth of the allegations contained within Paragraph 74 of the Amended Complaint and therefore denies those allegations and puts Plaintiff to his burden of proof.

75.     Wells Fargo states that the allegations contained in Paragraph 75 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

76.     Wells Fargo states that the allegations contained in Paragraph 76 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

77.     Wells Fargo states that the allegations contained in Paragraph 77 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

78.     Wells Fargo states that the allegations contained in Paragraph 78 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

79.     Wells Fargo states that the allegations contained in Paragraph 79 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this

Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

## COUNT V
### Failure to Provide Pre-Adverse Action Disclosures In Violation of the Fair Credit Reporting Act
### (Against Defendant Wells Fargo Bank, N.A.)

80. Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 79 of this Answer.

81. Wells Fargo denies the allegations contained within Paragraph 81 of the Amended Complaint.

82. Wells Fargo denies the allegations contained within Paragraph 82 of the Amended Complaint.

83. Wells Fargo denies the allegations contained within Paragraph 83 of the Amended Complaint.

## COUNT VI
### Violation of the Accuracy Requirements of the Minnesota Business Screening Services Act
### (Against Defendant First Advantage Background Services Corp.)

84. Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 83 of this Answer.

85. Wells Fargo states that the allegations contained in Paragraph 85 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

86. Wells Fargo states that the allegations contained in Paragraph 86 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this

Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

87. Wells Fargo states that the allegations contained in Paragraph 87 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

<u>COUNT VII</u>
**Failure to Correct and Delete Inaccurate Records in Violation of the Minnesota Business Screening Services Act**
**(Against Defendant First Advantage Background Services Corp.)**

88. Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 87 of this Answer.

89. Wells Fargo states that the allegations contained in Paragraph 89 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof. Wells Fargo denies the characterization of the criminal background check as a "consumer report."

90. Wells Fargo states that the allegations contained in Paragraph 90 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

91. Wells Fargo states that the allegations contained in Paragraph 91 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

# COUNT VIII
## DEFAMATION
### (Against Defendant First Advantage Background Services Corp.)

92. Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 91 of this Answer.

93. Wells Fargo states that the allegations contained in Paragraph 93 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

94. Wells Fargo states that the allegations contained in Paragraph 93 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. To the extent a response is required, Wells Fargo denies the representation of the criminal background check as a "consumer report." Wells Fargo admits the remaining allegations contained within Paragraph 94 of the Amended Complaint.

95. Wells Fargo states that the allegations contained in Paragraph 95 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

96. Wells Fargo states that the allegations contained in Paragraph 96 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

97. Wells Fargo states that the allegations contained in Paragraph 97 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this

Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

98. Wells Fargo states that the allegations contained in Paragraph 98 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

99. Wells Fargo states that the allegations contained in Paragraph 99 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

<u>**COUNT IX**</u>
**NEGLIGENCE**
**(Against Defendant First Advantage Background Services Corp.)**

100. Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 99 of this Answer.

101. Wells Fargo states that the allegations contained in Paragraph 101 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

102. Wells Fargo states that the allegations contained in Paragraph 102 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

103. Wells Fargo states that the allegations contained in Paragraph 103 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in

this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

104.    Wells Fargo states that the allegations contained in Paragraph 104 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

105.    Wells Fargo states that the allegations contained in Paragraph 105 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

106.    Wells Fargo states that the allegations contained in Paragraph 106 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

## COUNT X
### NEGLIGENCE PER SE
**(Against Defendant First Advantage Background Services Corp.)**

107.    Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 106 of this Answer.

108.    Wells Fargo states that the allegations contained in Paragraph 108 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer.  Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

109.    Wells Fargo states that the allegations contained in Paragraph 109 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in

this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

110. Wells Fargo states that the allegations contained in Paragraph 110 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

111. Wells Fargo states that the allegations contained in Paragraph 111 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

112. Wells Fargo states that the allegations contained in Paragraph 112 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

### COUNT XI
**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**
**(Against Defendant First Advantage Background Services Corp.)**

113. Wells Fargo realleges and incorporates by reference the admissions, denials, and other statements contain in Paragraphs 1 through 112 of this Answer.

114. Wells Fargo states that the allegations contained in Paragraph 115 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. To the extent a response is required, Wells Fargo denies those allegations.

115. Wells Fargo states that the allegations contained in Paragraph 115 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in

this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

116. Wells Fargo states that the allegations contained in Paragraph 116 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

117. Wells Fargo states that the allegations contained in Paragraph 117 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

118. Wells Fargo states that the allegations contained in Paragraph 118 of the Amended Complaint do not appear to be directed at Wells Fargo and do not require a response in this Answer. Accordingly, Wells Fargo denies those allegations and puts Plaintiff to his burden of proof.

119. Wells Fargo denies each and every allegation not expressly admitted above.

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the Amended Complaint, and without admitting or acknowledging that Wells Fargo bears any burden of burden of proof as to any of the allegations, Wells Fargo asserts the following affirmative defenses. Wells Fargo intends to rely upon any additional defenses that become available or apparent during the course of this action, and hereby reserves the right to amend this Answer in order to assert all such further defenses.

1. One or more of the counts in the Amended Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claimed losses and damages, if any, were caused in whole or in part, or were contributed to, by Plaintiff's own carelessness, negligence, fault, misconduct, acts and/or omissions, or the acts and/or omissions of people over whom Wells Fargo exercised no control and for which Wells Fargo is not responsible.

3.    Plaintiff has failed to mitigate any damages he may have sustained.

4.    Wells Fargo denies that any causal connection exists between any alleged action by Wells Fargo and any damages or injuries allegedly suffered by Plaintiff, the existence of which Wells Fargo denies.

5.    Wells Fargo did not willfully or negligently violate the Fair Credit Reporting Act.

6.    Wells Fargo did not obtain a "consumer report" pertaining to Plaintiff.

7.    Wells Fargo's use of information regarding its employees and/or prospective employees was permitted by the investigation exception to the Fair Credit Reporting Act and/or other provisions of the statute, and was therefore consistent with that Act and related law.

8.    The Fair Credit Reporting Act did not require Wells Fargo to provide pre-adverse action notifications to Plaintiff.

9.    Wells Fargo's actions related to Plaintiff were compelled by laws and regulations applicable to its business activities.

10.    The damages claimed by the Plaintiff are barred to the extent that they are speculative in nature and/or lack the specificity required by law.

11.    Wells Fargo at all times acted in good faith and had reasonable grounds for believing that its alleged actions and omissions were in compliance with the FCRA and other provisions of law.  Accordingly, no liquidated damages or penalties should be awarded because

the alleged actions or omissions were undertaken in good faith and do not constitute a willful violation of the law.

12.     Wells Fargo hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the proceedings in this matter and hereby reserves its right to amend his answer and to assert any such defenses.

**NOW, WHEREFORE,** the Defendant, Wells Fargo Bank, N.A., respectfully requests that the Court dismiss the Plaintiff's Amended Complaint in its entirety, and award Defendant Wells Fargo Bank, N.A. its costs and attorneys' fees, and such other relief as may be deemed proper.

Date:  August 31, 2012                    NILAN JOHNSON LEWIS PA

By:  _s/ David A. James_____
     Joseph G. Schmitt (Reg. No. 231447)
     David A. James (Reg. No. 337389)
     400 One Financial Plaza
     120 South Sixth Street
     Minneapolis, MN 55402-4501
     612.305.7500
     jschmitt@nilanjohnson.com
     djames@nilanjohnson.com

*ATTORNEYS FOR DEFENDANT*
*WELLS FARGO BANK, NA*